UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KIRKLYNN J. FERRELL,
    Petitioner,

vs.                                        Case No.: 4:22cv401/AW/ZCB

SECRETARY DEPARTMENT OF
CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Kirklynn Ferrell has filed a habeas corpus petition under 28 U.S.C. § 2254. (Doc. 1). Respondent has moved to dismiss, arguing that the petition is an unauthorized second or successive habeas petition. (Doc. 12). The Court provided Petitioner with an opportunity to respond to the motion to dismiss (Doc. 14), but he has not done so. For the reasons below, Respondent's motion to dismiss should be granted.

        **I.**        **Background**

In 2009, Petitioner was convicted in Gadsden County Circuit Court (Case No. 2008-CF-649) of aggravated battery with a deadly weapon causing bodily harm, two counts of aggravated assault with a firearm, aggravated child abuse with a firearm, battery on a law enforcement officer, and resisting arrest with violence. (Doc. 1 at

1

1). He was sentenced to 20 years' imprisonment. (*Id.*). Petitioner now seeks habeas relief on the ground that the state court improperly instructed the jury regarding the aggravated child abuse charge. (*Id.* at 1, 5-6).

Respondent has filed a motion to dismiss, arguing that the petition should be dismissed because it is a second or successive petition that was not authorized by the U.S. Court of Appeals for the Eleventh Circuit. (Doc. 12). In support of that argument, Respondent has submitted a copy of a previous § 2254 petition that Petitioner filed challenging the same state court judgment. (Doc. 12-2). Respondent has also submitted a copy of the Court's order and judgment denying Petitioner's prior § 2254 petition on the merits. (Docs. 12-3, 12-4).

## II.   Discussion

Before a second or successive habeas petition under § 2254 may be heard in a U.S. District Court, the petitioner must obtain authorization from the appropriate appellate court. 28 U.S.C. § 2244(3)(A); Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015). Absent such appellate court authorization, a district court lacks jurisdiction to hear a second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to

2

obtain appellate court authorization); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

"[T]he phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). A second petition qualifies as "second or successive" if it challenges the same judgment as the first, and the first was denied on the merits or dismissed with prejudice. *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999). But a second petition does not qualify as "second or successive" if the first petition was not considered on the merits and was dismissed without prejudice to allow the petitioner to exhaust state remedies. *Slack v. McDaniel,* 529 U.S. 473, 487 (2000).

In this case, Petitioner declared on the petition form (under penalty of perjury) that he had not previously filed any federal petition challenging the same state court convictions. (Doc. 1 at 13, 16). That declaration was false. On April 17, 2015, Petitioner filed a § 2254 petition challenging his state court convictions in the same case from Gadsden County Circuit Court. (*Ferrell v. Jones*, No. 4:15cv220/MW/EMT)( Doc. 1). The Court denied the § 2254 petition on the merits in an order dated January 31, 2018. (Doc. 12-3); (4:15cv220/MW/EMT

3

(N.D. Fla. Jan. 31, 2018) (Doc. 48). Judgment was entered the same day. (Doc. 12-4); (4:15cv220/MW/EMT (N.D. Fla. Jan. 31, 2018) (Doc. 49).

Petitioner's current § 2254 petition is a "second or successive" one because it challenges the same state court judgment that Petitioner challenged in his prior § 2254 petition. And that petition was denied on the merits. In order for this Court to adjudicate the current § 2254 petition, Petitioner would have had to gain authorization from the U.S. Court of Appeals for the Eleventh Circuit. There is nothing in the record showing he has done so. This Court, therefore, lacks jurisdiction to consider Petitioner's current § 2254 petition challenging his convictions in Gadsden County Circuit Court, Case No. 2008-CF-649. *See Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1180 (11th Cir. 2019) (stating that a district court is "required to dismiss" for "lack of jurisdiction" a second or successive § 2254 petition that is filed without the appellate court's permission).

### III.   Conclusion

This matter should be dismissed for lack of jurisdiction because Petitioner did not obtain appellate court authorization to file a second or successive habeas corpus petition.[1] It is, therefore, respectfully **RECOMMENDED** that:

---

[1] A certificate of appealability is not required to appeal a dismissal for lack of subject matter jurisdiction of a successive habeas petition. *Osbourne v. Sec'y, Fla.*

1. Respondent's motion to dismiss (Doc. 12) be **GRANTED**.

2. Petitioner's habeas petition (Doc. 1) be **DISMISSED for lack of jurisdiction**.

3. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 19th day of April 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

*Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020).